UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

MARYETTA THOMAS,

                            Plaintiff,

        -against-

CITY OF NEW YORK, JEAN-BERNARD REMY, Individually,
MICHAEL PETITTO, Individually RICHARD ALERTE,
Individually, "JOHN" PRENDERGAST, Individually,
DOMINICK MARANZANO, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                            Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

Jury Trial Demanded

Plaintiff MARYETTA THOMAS by her attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights,

as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARYETTA THOMAS is a fifty-eight year old African American woman residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JEAN-BERNARD REMY, MICHAEL PETITTO, RICHARD ALERTE, "JOHN" PRENDERGAST, DOMINICK MARANZANO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On September 21, 2011, at approximately 9:00 a.m., plaintiff MARYETTA THOMAS was present in her home located at 293 Grand Avenue, Apartment 1L, Brooklyn, New York, when the defendants, including but not limited to, REMY, PETITTO, RICHARD LERTE, PRENDERGAST, and MARANZANO, along with other officers, entered plaintiff's apartment with their guns drawn.

13.     When the defendant officers entered the apartment, a defendant officer discharged his weapon at plaintiff's ten month old puppy, causing him severe physical injuries.

14.     The defendant officers ordered plaintiff to lie on the floor and handcuffed her.

15.     The defendant officers then caused plaintiff to sit handcuffed in the living room for approximately twenty-five minutes, while they searched the apartment.

16.     After searching the apartment, the defendant officers arrested plaintiff without probable cause to believe that she actually or constructively possessed contraband.

17.     The officers removed plaintiff from the home and imprisoned her in a police vehicle without probable cause.

18.     While plaintiff was imprisoned and handcuffed in the police vehicle, the defendant officers stopped and ate breakfast.  She was subsequently transported to an NYPD police precinct and imprisoned her therein.

19.     The defendant officers imprisoned plaintiff MARYETTA THOMAS until approximately 3:20 p.m. on September 21, 2011, when she was released with a desk appearance ticket, signed by defendant PRENDERGAST, compelling her appearance in Kings County

3

Case 1:12-cv-06272-ARR-VMS   Document 1   Filed 12/20/12   Page 4 of 20 PageID #: 4

Criminal Court on October 24, 2011.

20.     The defendants issued criminal process with malice, and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

21.     On October 14, 2011, all the baseless charges levied against plaintiff MARYETTA THOMAS, by the defendant officers were dismissed and sealed after the District Attorney's Office for Kings County reviewed the arrest and declined to prosecute her.

22.     The defendant officers REMY, PETITTO, ALERTE, MARANZANO, and JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the above mentioned misconduct.

23.     Defendant MARANZANO, who holds the rank of Sergeant, supervised defendants REMY, PETITTO, ALERTE, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and malicious issuance of process to plaintiff.

24.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and pursuant to a *de facto* policy, custom or practice of falsification.

25.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the search of an individual's residence; the investigation of incidents; the execution of search warrants; regarding

the proper treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant; and that they engage in widespread falsification.

26.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

27.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28.     As a result of the foregoing, plaintiff MARYETTA THOMAS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

5

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants arrested plaintiff without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

38.     Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

6

39.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    Defendants maliciously issued criminal process against plaintiff by causing her to appear in Kings County Criminal Court.

42.    Defendants caused plaintiff to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

43.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

44.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

46.    As a result of the foregoing, plaintiff MARYETTA THOMAS was deprived of

her liberty and right to substantive due process, causing emotional and physical injuries.

47.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

48.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The defendants seized, detained, arrested, and imprisoned plaintiff because of plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50.    As a result of the foregoing, plaintiff MARYETTA THOMAS was deprived of her rights under the Equal Protection Clause of the United States Constitution.

51.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Defendants had an affirmative duty to intervene on behalf of plaintiff MARYETTA THOMAS whose constitutional rights were being violated in their presence by

other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, they were put in fear of their safety, and she was humiliated and subjected to handcuffing and other physical restraints.

56.     As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59.     As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant, and engaging in a *de facto* policy, custom or practice of falsification.

63.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARYETTA THOMAS.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARYETTA THOMAS, as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARYETTA THOMAS, as alleged herein.

67.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARYETTA THOMAS was unlawfully arrested and maliciously issued process.

68.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARYETTA THOMAS' constitutional rights.

69.     All of the foregoing acts by defendants deprived plaintiff MARYETTA THOMAS of federally protected rights, including, but not limited to, the right:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from false arrest/unlawful imprisonment;

C.      To be free from the failure to intervene;

D.      To be free from malicious abuse of process;

E.      To receive equal protection under law.

70.     As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

73.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.     Plaintiff has complied with all conditions precedent to maintain the instant action.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants arrested plaintiff without probable cause.

79.     Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

80.     As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

81.     As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

82.     As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     As a result of the foregoing, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

85.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86.     As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants made offensive contact with plaintiff without privilege or consent.

89.     As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

13

90. As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Trespass to Chattels under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants physically interfered with plaintiff's possession of her dog by intentionally shooting him.

93. As a result of defendants' conduct, plaintiff's dog suffered physical injuries.

94. As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

98. The aforementioned conduct was committed by defendants while acting in

14

furtherance of their employment by defendant CITY OF NEW YORK.

99.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

100.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

101.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

104.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

105.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and malicious issuance of process to plaintiff.

108.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

111.    As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

16

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

112.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

114.   As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

115.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.   As a result of defendants' conduct, plaintiff was deprived of her right to equal protection of laws.

117.   As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

118.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.   As a result of defendants' conduct, plaintiff was deprived of her right to security against unreasonable searches, seizures, and interceptions.

120.   As a result of the foregoing, plaintiff MARYETTA THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARYETTA THOMAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      December 19, 2012

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiff MARYETTA THOMAS
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By: _____
                                            BRETT H. KLEIN (BK4744)